IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JAKE AARON STRICKLAND, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:09-CV-746-Y |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jake Aaron Strickland, TDCJ-ID #1274834, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

The state court of appeals summarized the factual background of the case as follows:

On December 21, 2003, [Strickland], while driving intoxicated, struck a

car in which Brent Jones was a passenger. Jones was killed. [Strickland], who had two prior convictions for driving while intoxicated (DWI), was driving on the wrong side of the road when he struck Jones's car. Although the police initially charged appellant with intoxication manslaughter, they later changed the charge against him to felony murder when they discovered that he had been convicted of DWI twice before. The State subsequently indicted appellant for felony murder.

*Strickland*, 193 S.W.3d at 664 (citations omitted).

Strickland's trial commenced on October 18, 2004. The jury found him guilty and assessed his punishment at 35 years' confinement. (State Habeas R. at 153) Strickland appealed, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Strickland v. Texas*, 193 S.W.3d 662 (Tex. App.–Fort Worth 2006); *Strickland v. Texas*, PDR No. 588-06. Strickland filed a state application for writ of habeas corpus, raising one or more of the claims presented, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas Supp. R. at cover) This federal petition was timely filed.

## D. ISSUES

Strickland raises five issues in which he claims:

(1) He was denied due process of law as a result of the state failing to reveal the wife of the complainant was involved in civil litigation related to the offense at the time of trial.

(2) Allowing a conviction for felony murder without a concomitant requirement for a *mens rea* to the underlying felony violates due process of law.

(3) He was denied due process of law as a result of the trial court refusing to submit an instruction to the jury on the offense of intoxication manslaughter.

(4) He was denied the effective assistance of counsel at trial as a result of counsel failing to discover the wife of the complainant was involved in civil litigation related to the offense at the time of trial.

2

(5) He was denied effective assistance of counsel on direct appeal.

(Pet. at 2)

### E. RULE 5 STATEMENT

Thaler believes that Strickland has sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1). (Resp's Answer at 4)

### F. DISCUSSION

#### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Thus, factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual

determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*(1) Brady Violation*

Strickland claims the state unlawfully withheld evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that Julie Jones, the deceased victim's wife, had a pending civil suit involving the accident during his trial that ultimately resulted in a settlement to her in excess of one million dollars. (Pet'r Memorandum in Support at 5) As proof, Strickland presented copies of legal documents reflecting that Ms. Jones filed an answer and counterclaim as a named defendant, individually and as representative of her husband, in Progressive County Mutual Insurance Company's civil suit for declaratory relief against Strickland at or near the time of Strickland's trial. (State Habeas R. at 55-63) According to Strickland, this information could have been used by the defense on cross-examination to establish an interest or bias on the part of Ms. Jones "to ensure that [Strickland] was severely punished by the jury in relation to the incident giving rise to her husband's death as well as her own injuries." (Pet. at 10)

Mollee Westfall, one of the two state prosecutors on the case, responded to the allegation *via* affidavit as follows:

4

> In October 2001 I tried State v. Jake Aaron Strickland with Richard Alpert. Richard was lead prosecutor on the case and asked me to sit as second chair because I was assigned to the 396th District Court at the time the case was filed. We had an initial meeting with the widow of the injured party, Julie Jones, several months before the trial. Julie had had her pelvis broken in the crash that killed her husband and was still having difficulty walking at the time of our meeting. Her brother accompanied her to the meeting to assist her.
>
> At the beginning of the meeting her brother introduced himself. I don't recall his name. He also stated that he was an attorney and was looking into a possible lawsuit on his sister's behalf based on the crash. That was the only mention that I recall of a civil lawsuit. To my knowledge, no lawsuit was filed or pending at the time of the criminal trial.

(State Habeas R. at 132)

Strickland's counsel also testified *via* affidavit, *see infra*, in the habeas proceedings that Jones' civil suit against Strickland was not filed until March 18, 2005, after Strickland's trial, that, even if Jones had formed a plan to file a civil suit at the time of his trial, the prospect of civil litigation against Strickland and the nightclub that over-served Strickland was an "eventuality" that was "readily foreseeable," and that the information was irrelevant to their defensive strategy, risked angering the jury, and would not have been used by the defense or benefitted Strickland in any way. (*Id.* at 114, 130)

To establish that evidence falls within the purview of *Brady,* a petitioner must establish that the evidence was (1) suppressed, (2) favorable, and (3) material. *Id.* at 87. The state habeas court entered findings consistent with the prosecutor's and counsel's testimony on the issue and concluded the state was not obligated to produce material that is in the public domain, otherwise available to the defendant, or of which the defendant already had knowledge. (State Habeas R. at 134-35, 141) The court further concluded that the defense would not have used the information had the state disclosed that Jones was contemplating civil litigation and that Strickland had not shown a

5

reasonable probability that the outcome of his trial would have been different had the evidence been disclosed. (*Id.* at 141)

Absent clear and convincing evidence demonstrating a *Brady* violation, such showing not having been made by Strickland, the state court's adjudication of the claim is not unreasonable nor is it contrary to or involve an unreasonable application of *Brady*. The prosecution is obligated to disclose relevant evidence, but the prosecution is not duty-bound to point out relevant evidence that should be known by the defense or is readily available to the defense. The question is whether the government "suppressed" evidence. *United States v. Paulino,* 445 F.3d 211, 224 (2nd Cir. 2006). One cannot reasonably describe evidence as "suppressed" when it is part of the public record. *See United States v. Infanti,* 404 F.3d 376, 386-87 (5th Cir. 2005); *United States v. Willis,* 277 F.3d 1026, 1034 (8th Cir. 2002).

### *(2) and (3) Felony Murder/Lesser Included Offense*

Strickland was charged with felony murder for causing Jones' death during the course of committing a third DWI, a felony offense. TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 2009). Under Texas law, a person commits felony murder if he "commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 2003). The indictment in Strickland's case alleged that, in the course and in furtherance of committing a third driving-while-intoxicated offense, a felony, he committed "an act clearly dangerous to human life" by operating his motor vehicle the wrong way down a public roadway which caused the death of Michael Brent Jones.

Strickland claims the Texas felony murder statute, as applied to his case, violates constitutional due process because it does not require the prosecution to prove beyond a reasonable doubt that he acted with a culpable mental state or *mens rea*. (Pet. at 13-14) Strickland further claims he should have been charged with intoxication manslaughter, not felony murder, and the trial court erred by refusing to submit a lesser included offense instruction on intoxication manslaughter to the jury. (*Id.* at 15-17)

The Texas Court of Criminal Appeals has expressly rejected Strickland's claim that felony DWI, which has no independent *mens rea* requirement, cannot serve as the underlying felony for a felony murder conviction. *See Bigon v. State*, 252 S.W.3d 360, 365, 373 (Tex. Crim. App. 2008); *Lomax v. State*, 233 S.W.3d 302, 307-08 (Tex. Crim. App. 2007). This court must defer to the Texas Court of Criminal Appeals on its interpretation of Texas law unless its decision is contrary to or involved an unreasonable application of federal law as determined by the Supreme Court.[1] *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Strickland does not cite authority showing that the Texas felony murder statute violates a federal constitutional provision. He fails to show that his conviction for felony murder is unconstitutional because the charged offense lacked an element of culpable criminal intent or *mens rea*. The Supreme Court "has never articulated a general constitutional doctrine *of mens rea*" and has never held a state criminal statute unconstitutional for lack of scienter. *Powell v. Texas,* 392 U.S. 514, 535 (1968); *Baltazar v. Cockrell*, 34 Fed. Appx. 151, 2002 WL 495560, at *5 (5th Cir. Mar. 18, 2002), *cert. denied,* 537 U.S. 873. *See also Lomax*

---

[1] Petitioner cites the court to the Supreme Court case of *Schad v. Arizona*, 501 U.S. 624 (1991), in support of his argument. In *Schad*, a four-Justice plurality and Justice Scalia in a concurring opinion, held that a murder conviction based on an instruction that did not require jury unanimity as to whether the defendant was guilty of premeditated murder or felony murder did not violate the petitioner's right to due process. The case is inapposite to Strickland's case.

7

*v. Thaler*, No. H-09-0705, 2010 WL 3362203, at6 *4-5 (S.D.Tex. Aug. 25, 2010) (addressing the same issue). Strickland has not shown that the state courts' decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or otherwise demonstrate that the statute at issue is constitutionally invalid, either facially or as applied to the facts of his case.

Strickland's claim that the trial court erred by refusing to charge the jury on the lesser included offense of intoxication manslaughter is procedurally barred. The claim was not raised on direct appeal and, instead, was raised for the first time in his state habeas application. (State Habeas R. at 136) Under Texas law, claims that could have been raised on direct appeal but were not cannot be raised in state habeas proceedings. Even constitutional claims are forfeited if the applicant had the opportunity to raise the issue on appeal. *See Ex Parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). This rule sets out an adequate state ground capable of barring federal habeas corpus review where, as here, the state habeas court, and the Texas Court of Criminal Appeals by implication, expressly relied upon the procedural default. (State Habeas R. at 143) *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by Strickland, the claim is procedurally barred from this court's review.[2] *See Sawyer Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).

---

[2]Even if this court were to consider the issue, Strickland concedes that under Fifth Circuit precedent relief is not available on a complaint concerning the failure to submit a lesser included offense within the court's charge in a noncapital case. (Pet'r Reply at 7-8) *See Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985).

## 4. Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Id.* at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The state habeas judge, who also presided over Strickland's trial, conducted a hearing by affidavit and entered findings of fact, which were adopted by the Texas Court of Criminal Appeals, refuting Strickland's ineffective-assistance claims. (State Habeas R. at 134-38; State Habeas Supp. R. at 81-85) Applying the *Strickland* attorney-performance standard to its factual findings, the state court concluded Strickland had failed to demonstrate that counsel's representation was deficient or that but for counsel's alleged acts or omissions, the result of his trial or appeal would have been different. (State Habeas R. at 143-49; State Habeas Supp. R. at 89-94) The Texas Court of Criminal Appeals likewise denied Strickland's claims on the findings of the habeas court. Strickland has failed to rebut the findings of fact by clear and convincing evidence, thus the court defers to those findings.

Strickland claims trial counsel was ineffective by failing to discover Ms. Jones was involved in civil litigation related to the offense at the time of trial for purposes of establishing a bias or motive on her part to seek a felony murder conviction and severe punishment. (Pet. at 21-22) Strickland was represented at trial by Abe Factor and Terri Moore. Factor responded to the allegation as follows:

> Initially, it is important to note that at the time of trial, the complainant's wife, Julie Jones, was not involved in the civil litigation mentioned in Mr. Strickland's Application. Though it is true that Julie Jones eventually recovered over one million dollars in settlement of her claims against Mr. Strickland and the nightclub where he was over-served prior to the accident (City Streets), her civil lawsuit against Mr. Strickland and City Streets in Cause No. 048-210546-05, was not filed until March 18, 2005, well after the date of Mr. Strickland's trial and conviction.
>
> Secondly, even assuming that Julie Jones had already formed a plan to file a civil suit at the time of Mr. Strickland's murder trial, such information would not have changed the outcome of his trial. The theory of defense at trial had been that Mr. Strickland had not committed a murder under the Penal Code. Rather, the theory was that his actions on the night in question had constituted intoxication manslaughter. It would not have been feasible at trial to deny that Mr. Strickland had caused the death of the complainant through his actions; in fact, the defense never attempted to deny Mr. Strickland's culpability in causing the death of the complainant. The issue at trial had been whether Mr. Strickland had been properly charged. Thus, the testimony of Julie Jones was not overly harmful to Mr. Strickland, nor did her testimony serve to support an element of the State's case or increase the punishment. Under such circumstances, showing a bias or motive on her part– assuming momentarily there were others besides the obvious one of the death of her husband–would have been of no benefit to Mr. Strickland's defense. Moreover, under the facts surrounding Mr. Strickland's offense, the prospect of civil litigation against Mr. Strickland and City Streets was readily foreseeable. Had I believed that inquiring into such a prospect with Julie Jones would have benefitted Mr. Strickland's defense, I would certainly have done so. However, for the reasons asserted above, I did not believe that area of inquiry would have benefitted Mr. Strickland's defense in any way.

(State Habeas R. at 113-14)

Moore also responded to the claim as follows:

> [C]o-counsel, Abe Factor, and I worked countless hours in preparation for the trial. There was no question that Mr. Strickland caused the death of the victim or that he was intoxicated at the time of the automobile accident.
>
> We believed that the State had over charged their case and the facts did not amount to murder. That was our defense. . . .
>
> We spent a lot of time discussing the widow, Ms. Jones and her infant children that were left without a Father and breadwinner as a result of the offense. It was plain to us that there would eventually be a civil suit arising from the tragic event. But, there was nothing to be gained from cross examining the widow's testimony with this eventuality. In fact, we ran the risk of angering the jury. We believed, and Mr. Strickland agreed, that it was a better plan to show compassion to the widow and stay focused on the fact the State had overcharged the offense. Therefore, it was irrelevant to our defense that she had not yet filed her civil suit or that she was delaying filing until after the criminal case was completed.
>
> As a matter of fact, I discussed with Mr. Strickland the possibility that the jury may find him guilty of murder and in the event his case was reversed on appeal his demonstration of compassion toward Ms. Jones could influence her to request less punishment.
>
> Again, the issue at trial was whether Mr. Strickland had been properly charged and exposing Ms. Jones' motives for monetary gain would not have served any purpose.

(*Id.* at 130-31)

The state habeas court entered findings of fact consistent with counsel's testimony and concluded Strickland had failed to present any factual basis, other than his sworn allegations, for his claim, which alone were insufficient to prove his claim. (State Habeas R, at 138-40; State Habeas Supp. R. at 81-83) The state court's adjudication of the issue is not unreasonable nor is it contrary to or involve an unreasonable application of *Strickland*. Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Moreover, counsel's reasonable strategic choices during representation are virtually unchallengeable, and there is a strong presumption that counsel's

11

strategy and tactics are "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689-91. The decision not to portray Ms. Jones as a money-grubber was well within defense counsel's discretion and a reasonable strategic choice.

Strickland claims appellate counsel was ineffective by failing to adequately brief his claim that his conviction for felony murder is unconstitutional without a *mens rea* requirement and by failing to raise a point of error challenging the trial court's refusal to submit a charge on the lesser included offense of intoxication manslaughter. (Pet. at 17-28) In response, counsel filed two affidavits in the state habeas proceeding. In the first, he generally stated:

> I believe that the brief I presented and the issues raised therein addressed all of the issues having any merit in the case.
>
> Any issues not presented in my brief were the result of my professional belief that they had no merit. It is my belief that issues having no merit (and therefore no chance of being sustained by a reviewing court) should not be presented on direct appeal because such issues tend to detract from legitimate issues in the appeal and therefore lessen the chance of relief being granted on appeal.
>
> I believed that the issues presented on appeal had merit and was disappointed that the Court of Appeals, and ultimately the Court of Criminal Appeals disagreed.

(Stae Habeas R. at 120)

In the second affidavit, counsel was directed to specifically address Strickland's claim that he was entitled to a lesser included offense of intoxication manslaughter. In a lengthy affidavit, counsel explained that he did not believe Strickland was entitled to a lesser included offense instruction for two reasons: (1) under the circumstances of the case there was no evidence showing if Strickland was guilty, he was guilty of only the lesser offense of intoxication manslaughter; and (2) because Strickland received an instruction on the offense of felony DWI, as a lesser-included offense of murder, he was not entitled to an instruction on intoxication manslaughter under state law. (State Habeas Supp. R. at 7-10)

12

The state habeas court entered findings consistent with counsel's testimony and, relying on *Lomax, supra*, concluded felony murder with the underlying felony of felony DWI requires no finding of culpable mental state. (*Id.* at 80-89) The court further concluded Strickland had failed to prove that intoxication manslaughter is a lesser included offense of felony murder under article 37.09 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. P. ANN. art. 37.09 (Vernon 2006). As such, the state court determined Strickland had failed to prove he received ineffective assistance of appellate counsel or to show a reasonable probability that, had counsel properly raised the issues on appeal, the result of his appeal would have been different. (*Id.* at 89-94)

The state court's adjudication of the issue is not unreasonable nor is it contrary to or involve an unreasonable application of *Strickland*. Strickland cites no authority holding that felony murder cannot be charged in this manner or that his conviction is constitutionally invalid for lack of the requisite *mens rea*. Furthermore, the state courts concluded that the evidence did not support an instruction on intoxication manslaughter. Absent a violation of the Constitution, a federal court defers to the state court interpretation of its law for whether a lesser included offense instruction is warranted. *Valles*, 835 F.2d. at 128. Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

## 5. *Evidentiary Hearing*

Petitioner seeks an evidentiary hearing for purposes of further developing the record in support of his claims. *See* 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

Strickland has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Strickland's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 29, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 29, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 9, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE